D. Scott Hickam, P.A. Attorney at Law 211-C Hobson Hot Springs National Park, AR 71913
Dear Mr. Hickam:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that your client, the Lake Hamilton School District, has received a request for the following records (I am quoting from the request letter, which you have provided to me):
 1. All documents in your possession which contain, refer or relate to the identification of non-certified employees, including for each person identified, the following:
(a) Name;
(b) Address;
(c) Telephone number;
(d) Social Security number;
(e) Dates of employment;
(f) Job title;
(g) Duties;
(h) Method of compensation, such as hourly or salary;
(i) Amount and calculation of compensation, such as hourly rate;
 (j) The amount of overtime pay, if any, paid to each identified employee.
 2. All documents in your possession which contain, refer or relate to the identification of employees who are not exempt from the Fair Labor Standards Act of 1938, as amended, including for each person identified, the following:
(a) Name;
(b) Address;
(c) Telephone number;
(d) Social Security number;
(e) Dates of employment;
(f) Job title;
(g) Duties;
(h) Method of compensation, such as hourly or salary;
(i) Amount and calculation of compensation, such as hourly rate;
 (j) The amount of overtime pay, if any, paid to each identified employee.
 3. All documents in your possession which contain, refer or relate to the identification of certified employees and employees whom you claim are exempt from the Fair Labor Standards Act of 1938, as amended, including:
(a) Name;
(b) Address;
(c) Telephone number;
(d) Social Security number;
(e) Dates of employment;
(f) Job title;
(g) Duties;
(h) Method of compensation, such as hourly or salary;
(i) Amount and calculation of compensation, such as hourly rate;
 (j) The amount of overtime pay, if any, paid to each identified employee.
 4. All documents in your possession which contain, refer or relate to all employee identified in response to paragraphs 1, 2 and 3 hereof, and who have worked more than forty (40) hours in any work week, defined as a fixed and recurring period of 168 hours comprising seven (7) consecutive 24-hour periods, and who have not been paid overtime compensation for overtime work.
 5. All documents in your possession which contain, refer or relate to directives to employees identified in response to paragraphs 1, 2 or 3 hereof, which require such employees to work more than forty (40) hours in any work week, defined as a fixed and recurring period of 168 hours comprising seven (7) consecutive 24-hour periods.
The request specified that the information requested was for the period from October 21, 2000 to the date of your response.
You have also provided me with a copy of your response to this request. You denied the request on the grounds that the request was not sufficiently specific to enable the custodian of the records to locate the records with reasonable effort. In support of this conclusion, you noted that compliance with the request would require the production of thousands of pages of records. You also noted that some of the requested information would be subject to the privacy requirements of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (P.L.104-191; 110 Stat. 1936) and of the Family Educational Rights and Privacy Act of 1974 (FERPA) (20 U.S.C. § 1232g). In addition, you asserted that the disclosure of some of the personnel records would constitute a clearly unwarranted invasion of the personal privacy of the employees named in the records. You also asserted that social security numbers and home addresses are not disclosable. Finally, you pointed out that the school district is not required to create records that do not already exist.
I am directed by law to issue my opinion as to whether your determination regarding the release of these files is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that your response was an appropriate first response to this request.
The FOIA explicitly requires that requests for records be reasonably specific. The applicable provision states:
 (2)(A) A citizen may make a request to the custodian to inspect, copy, or receive copies of public records.
* * *
 (C) The request shall be sufficiently specific to enable the custodian to locate the records with reasonable effort.
A.C.A. § 25-19-105(a)(2)(C).
The request that you have received appears to seek every record related to every employee, both those who are certified and those who are not certified, both those who are exempt from the Fair Labor Standards Act and those who are not exempt. A request of this breadth would clearly require the location and production of many hundreds of records at least, some of which may be quite trivial, such as telephone message notes, multiple copies of the same memo notifying employees of a meeting, and other records having no relation whatsoever to hours worked or exemption from the Fair Labor Standards Act (which appears to be the issue that is of concern to the requester). If indeed compliance with the request you have received would require the custodian of the records to locate thousands of pages of records (and I find it entirely plausible that this would be the case), I agree with your assessment that the request is not sufficiently specific to enable the custodian to locate the records with reasonable effort.
In the event that the requester narrows his request in the future to a more reasonable scope, some of the requested records will likely be disclosable under the FOIA.[1] Be aware that these records may be classifiable as either personnel records or employee evaluation/job performance records. It will be important to make the distinction between the two, because these two classes of records are subject to different standards for disclosability. I will briefly review those standards.
Personnel Records
Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. See, e.g.,
Ops. Att'y Gen. Nos. 2003-055; 2002-085; 2001-154; 99-147. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-201; 2001-101; 98-001.
Accordingly, it will be necessary for each personnel record that is responsive to the narrowed request to be reviewed and evaluated separately under the above described legal standard to determine whether it should be released.
Employee Evaluation/Job Performance Records
The FOIA does not define the term "employee evaluation or job performance record," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055. Under the FOIA's applicable standard, employee evaluation/job performance records are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The obvious presupposition of this three-pronged test is that the employee in question has been suspended or terminated. If not, the records are not releasable. However, if the employee has been suspended or terminated, a determination must be made as to whether the three conditions have been met. The question of whether the first two conditions have been met is readily determinable. A determination of whether the third condition has been met — i.e., whether there is a compelling public interest in the disclosure of the records — is more difficult. The question of whether there is a compelling public interest in records is a question of fact. The phrase "compelling public interest" is not defined in the FOIA. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question[.]" Watkins, The Arkansas Freedom of Information Act
(m m Press, 3rd Ed., 1998) at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy[.]" Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins also notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
These are the issues that must be dealt with in reviewing any employee evaluation/job performance records that may be responsive to a future, narrower request.
Constitutional Right of Privacy
In the context of a future, narrower request, it should be noted that even if particular records are not subject to any specific exemption from disclosure, some records may be appropriately withheld on the grounds that they contain information that is constitutionally protectable. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If it can be determined factually that any information contained in the requested records rises to the level of constitutional protection by meeting the three prongs of test laid out by the McCambridge court, a determination must then be made as to whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the available information. If it is determined that a privacy interest in the requested records outweighs the public's interest in them, the private information in the records should be redacted from the records before they are released.
Other Exemptions
As a final matter, I note if a narrower request is presented in the future which will require the disclosure of records, all such records should be reviewed to determine whether they contain information that would subject them to other exemptions from disclosure such as the privacy requirements of the HIPAA or the FERPA.
In addition, all such records must be reviewed to determine whether they contain any specific items of information that should be redacted before they are released, such as social security numbers. See 5 U.S.C. § 552a, note. I note that although the FOIA does explicitly exempt from disclosure the home addresses of non-elected state, municipal, and county employees, see A.C.A. § 25-19-105(b)(13), it does not provide a similar exemption for the home addresses of school employees. However, this information could, under certain factual circumstances, be deemed private under the "clearly unwarranted" test discussed above. Be aware that the fact that a record may contain specific items of exempt information is not a valid basis for withholding the entire record from disclosure. A.C.A. § 25-19-105(f)(1); Op. Att'y Gen. No. 2002-169. The exempt information must be redacted and the record provided.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] If the narrower request asks for records that do not exist, the school district, as you correctly pointed out in response to the first request, is not obligated to create such records. A.C.A. §25-19-105(d)(2)(C).